**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 10-09773 BKT |
| JORGE W CRUZ LOPEZ, INC. | CHAPTER 11 |
| DEBTOR | (Small Business) |

**JORGE W. CRUZ LOPEZ, INC.'S FIRST AMENDED PLAN OF REORGANIZATION
DATED JULY 20, 2011**

**ARTICLE I
SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Jorge W. Cruz López, Inc. (the "Debtor") from its cash flow from operations.

This Plan provides for 1 class of secured claims; 2 classes of unsecured claims; and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 cents on the dollar. This Plan also provides for the payment of administrative and priority claims pursuant to law.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

**ARTICLE II**

**DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS
AND TREATMENT OF CLASSES**

**2.1. DESIGNATION OF CLAIMS**

1.. UNCLASSIFIED CLAIMS

ADMINISTRATIVE EXPENSES   Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 507(a)(2) of the Code. The debtor estimates that $15,000 of administrative fees and expenses will be owed as of the effective date of the plan to professionals hired by the debtor, as may be approved by the Court.

Other administrative expenses such as current tax obligations, and Trustee's fees are being kept current by the debtor.

PRIORITY TAX CLAIMS - Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim, in regular installments paid over a period not exceeding 5 years from the order of relief.

The debtor owed, as of filing date $293,000.00 of priority claims.

2..    The plan divides other creditors into FOUR classes of Claims and Equity Interests   The following are the classes set forth in the Plan.

CLASS 1- SECURED CLAIM OF THE INTERNAL REVENUE SERVICE

Claim 17-3 in the amount of $4,634.79, with a registered lien at the U.S. District Court over all personal property of the debtor.

CLASS 2- UNSECURED CLAIMS SUBJECT TO SET OFF

Eaton Cutler Hammer and Precision Handling, both unsecured creditors of the debtor in the amounts of 21,845 and 16,641 respectively, whose claims were subject to set-off prior to filing as these creditors in addition to being suppliers of raw materials of the debtor, are also customers of finished products.

CLASS 3. - GENERAL UNSECURED CLAIMS

General Unsecured claims of the debtor, taking into consideration objections to claims filed or to be filed, total 524,571.

CLASS 5 -EQUITY SECURITY HOLDER

The only equity interest holder of the Debtor is Jorge W. Cruz López, its President and Chief Executive Officer, he is designated as class 5. He is a personal guarantor of Banco Popular (Claim 31-1) and used the proceeds of a $124,000.00 loan to Coffec which was obtained personally, for the corporation.

## ARTICLE III

TREATMENT FOR CLASSES OF CLAIMS AND INTERESTS

**A.    ADMINISTRATIVE EXPENSES**

Shall consist of Allowed Administrative Expense Claims, as provided under Section 503 of the Code. This class shall be paid in cash and in fully as soon as practicable on the later of (a) the Effective Date or (b) the date any such claim becomes an allowed Administrative Claim.

This class is unimpaired.

**B.    PRIORITY CLAIMS PURSUANT TO 11 USC § 507 (a)(8)**

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Treatment |
|---|---|---|
| *PR Dept of Treasury* | *$97,405.38* | *Will be paid an initial payment of $6,400.00 on the effective date of the plan and monthly installments of $2,012.00 per month, which includes statutory interest, for a period of four consecutive years commencing on the month after the effective date.* |
| *Internal Revenue Service* | *$149,195.71* | *Will be paid an initial payment of $10,200.00 on the effective date of the plan and monthly installments of $3,226.00 per month, which includes statutory interest, for a period of four consecutive years commencing on the month after the effective date.* |
| *State Insurance Fund* | *$31,282.37* | *Will be paid an initial payment of $2,200.00 on the effective date of the plan and monthly installments of $675.00 per month, which includes statutory interest, for a period of four consecutive years commencing on the month after the effective date.* |
| *Municipality of Loíza* | *$15,571.00* | *Will be paid an initial payment of $1,200.00 on the effective date of the plan and monthly installments of $333.00 per month, which includes statutory interest, for a period of four consecutive years commencing on the month after the effective date.* |

## C.     CLASSES OF CLAIMS

### CLASS 1- SECURED CLAIM OF INTERNAL REVENUE SERVICE (CLAIM 17-3)

The secured portion of Claim 17-3 of the Internal Revenue Service in the amount of $4,634.19 will be paid in full to this creditor on the effective date of the plan.

This class is unimpaired.

### CLASS 2 - UNSECURED CLAIMS SUBJECT TO SET OFF

Eaton Cutler Hammer and Precision Handling, both unsecured creditors of the debtor in the amounts of 21,845 and 16,641 respectively, whose claims were subject to set-off prior to filing have been paid in full from the amount owed to debtors.

This class is unimpaired.

### CLASS 3 - GENERAL UNSECURED CLAIMS

General unsecured creditors will receive a **10%** dividend of their allowed claims, or of the amounts scheduled, if they have not filed a claim, in payments distributed in a period of FIVE (5) years. On the effective date of the plan, Class 3 creditors shall receive from debtor, a non-negotiable, non-interest bearing promissory note, dated as of the Effective Date of the plan of reorganization, providing for a payment equal to **10%** of each allowed unsecured claim included in this class.  The outstanding balance of the note is to be payable in full within five years of the  Effective Date in variable payments as detailed in Exhibit E, from funds to be obtained from debtor's  continuation of operations . The notes shall be executed and delivered by the reorganized debtor within 15 days from the Effective Date.

The amount detailed herein for Class 3 claimants is in excess of the present value of what these creditors would receive on a  liquidation scenario under Chapter 7.  Please Refer to Exhibit B.

This class is impaired.

# ARTICLE IV
## PAYMENT PROVISIONS UNDER THE PLAN
## (IMPAIRMENT OF EXISTING CLAIMS AND INTERESTS)

As provided by 11 U.S.C. 1124, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan-

(1)    leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest; or

(2)    notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default-

    (A)    cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 365(b)(2) of this title;

    (B)    reinstates the maturity of such claim or interest as such maturity existed before such default;

    (C )    compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

    (D)    Does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest.

# ARTICLE V
## VOTING ON THE PLAN AND COMPLIANCE WITH 11 U.S.C. SECTION 1129

**Unimpaired Classes**. Claims in Classes 1 and 2 are deemed not impaired by this Plan in accordance with Section 1124 of the Bankruptcy Code. By virtue of such status, such classes either are deemed to have accepted the plan in accordance with Section 1126(f) of the Bankruptcy Code or are not otherwise required to have their votes to accept or reject the Plan solicited. Accordingly, debtor is not required to solicit the votes of such class with respect to the acceptance or rejection of the Plan.

**Impaired Voting Classes**. For voting purposes, Class 3 is impaired and debtor will solicit the votes of such classes with respect to the acceptance or rejection of the Plan pursuant to the provisions of 11 U.S.C. Section 1126.

# ARTICLE VII
## EXECUTORY CONTRACTS

The debtor assumes the standing Lease agreement with PRIDCO, and recognizes the arrearage that is being proposed to be paid through the plan in monthly installments that vary according to the Plan Payment Schedule attached as Exhibit E. The debtor, however reserves

any right that it may have to claim incentives and promotions that have been previously withheld.  The rent installments are current as of this date.

## ARTICLE VIII
## EFFECT OF CONFIRMATION

Pursuant to 11 USC § 1141 which governs the effect of confirmation of the plan the parties are bound by the terms and conditions herein contained.  Except as otherwise provided for in this Plan or in the Order of Confirmation, the rights granted by this Plan and the payments and distributions to be made hereunder shall be in complete exchange for, and in full satisfaction and release of, all existing debts and claims of any kind, nature or description whatsoever against the Debtors.  On the Consummation Date, all existing claims shall be deemed to be exchanged, satisfied and released in full; and all holders of claims shall be precluded from asserting any other or future claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim.

The order of confirmation of this Plan shall constitute an injunction against the pursuit of any claim or Equity Interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or deemed filed, under 11 U.S.C. 501, such claim is allowed under 11 U.S.C. 502 or the holder of such claim has accepted this Plan in the manner set forth herein.

## ARTICLE IX
## OBJECTIONS TO CLAIMS

The debtor, at its option or upon order of the Bankruptcy Court, if requested, may file an objection to any claim as to its validity or amount within 30 days before or after the confirmation date.

Objections not filed within the period stated shall be deemed waived.  If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claim belongs.

## ARTICLE X
## CONDITIONS PRECEDENT TO CONSUMMATION

Before Consummation of the Plan takes place, the order of confirmation shall have to become a final order.  In the event the conditions stated in the Plan are not satisfied, this Plan shall be null and void and the rights of all holders of claims and interests, and of the debtor, shall be restored as of the date immediately preceding the confirmation date.

# ARTICLE XI
## NON ACCEPTANCE OF THE PLAN
### (Cramdown)

If all applicable requirements of 11 U.S.C. 1129(a), other than Section (a)(8), are met with respect to this plan, debtor hereby requests that the Court confirm this Plan notwithstanding the requirements of said section, if it does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted this Plan.

# ARTICLE XII
## MEANS OF EXECUTION OF THE PLAN
## AND MANAGEMENT OF DEBTOR

Debtor shall have sufficient funds to make all payments then due under this Plan. The funds to pay the notes issued on behalf of the holders of the unsecured claims included in Class 4, as well as to the monthly current payments to the tax priority claimants, and to cure outstanding arrearage to PRIDCO, shall be obtained from the debtor's continuation of the operation of its business.

On the effective date of the plan, the operation of the debtors' business and all other estate assets shall be and continue to be the general responsibility of the debtor under its own management, that is, Mr. Jorge W. Cruz López, who will assume the same role he has carried out as president and Chief Executive Officer of the debtor, Mr. Gilberto Rivera, as General Manager and Ms. Gladys Mangual as Administrative Assistant. Mr. Jorge W. Cruz López shall thereafter have the responsibility for the management, control and administration of debtor's operation as he has done throughout this reorganization process.

# ARTICLE XIII
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

Debtor may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. 1127. After confirmation of the Plan, Debtor may, with the approval of the Court and as long as it does not adversely affect the interests of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

# ARTICLE XIV
## CLOSING OF THE CASE

At such time as the case has been substantially consummated, this case shall be closed. In order for the case to be close, debtor shall file an application for final decree showing that the case has been fully administered and the Plan has been substantially consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interests. Thereafter an order approving the debtor's report and for closing of the case, shall be entered.

# ARTICLE XIV
# RELEASE AND DISCHARGE OF CLAIMS

**Discharge**. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**Injunction Relating to the Plan**. As of the Effective Date, all persons are hereby permanently enjoined from commencing or continuing, in any manner ior in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor and/or its Estate, on account of, or respecting any Claims, debts, rights, Causes of Action or liabilities discharged pursuant to the Plan, except to the extent expressly permitted under the Plan or under any specific order entered by the Bankruptcy Court.

**Setoffs**. Except as otherwise provided in this Plan, nothing contained in this Plan shall constitute a waiver or release by the Estate of any rights of setoff the Estate may have against any person.

# ARTICLE XV
# OTHER PROVISIONS

All claims against debtor of whatever nature, including any claim arising from the rejection of any executory contract, or any other action, shall be bound by the provisions of this Plan.

Any holder of a claim or interest who fails to object, in writing, to the provisions of this Plan, file such objection with the Court and serve it  upon counsel for the debtor not later than 14 days before the date set for the confirmation of the plan, shall be deemed to have accepted such classification and to be bound by the proposed Plan.

All actions held by the debtor against any person shall not be construed to release, waive, discharge, compromise or in any other way satisfy any claim, except those subject to any agreement between the parties.

Upon completion of the requirements of the Plan and the order of confirmation, the debtors and/or the claimant shall execute all corresponding documents and cooperate fully to show release and/or reaffirm all the obligations herein provided.

This Plan shall become effective upon the Effective Date of the Plan, which shall be the first day of the month after thirty days (30) after the order confirming the plan becomes a final order.

## ARTICLE XVI
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case to enable the debtor to consummate those proceedings which may arise in order to carry out the provisions of this Plan before or after the entry of the order of confirmation and up to the date of the closing of the case. Upon the entry of the Order of confirmation, this Court will retain jurisdiction to rule and dispose of any objection to the allowance of proof of claims filed within the terms detailed herein.

**RESPECTFULLY SUBMITTED,**
In San Juan, Puerto Rico, this 22nd day of July, 2011.

*s/Jorge W. Cruz López*
By: Jorge W. Cruz López
President
Jorge W. Cruz López, Inc.
Debtor in Possession

*/s/* **Teresa M. Lube Capo**
TERESA M. LUBE CAPO, ESQ.
USDC 122205
LUBE & SOTO LAW OFFICES
Attorneys for debtor(s)
1130 F.D. ROOSEVELT AVE.
SAN JUAN, PUERTO RICO 00920-2906
TEL.: 722-0909 FAX: 977-1709
E-MAIL: lubeysoto@yahoo.com